# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

JONATHAN W. ARENO, ET AL. : DOCKET NO.  06-1539

VS. : JUDGE MINALDI

STATE FARM FIRE AND CASUALTY : MAGISTRATE JUDGE WILSON
COMPANY

## REPORT AND RECOMMENDATION

On July 31, 2006, Jonathan W. Areno and Rebecca Areno filed the instant suit in the 14th

Judicial District Court for the Parish of Calcasieu, State of Louisiana.  Made defendant was State

Farm Fire and Casualty Company.  Plaintiffs allege that their home was damaged as a result of

Hurricane Rita, and that they lost use of their home.  (Petition, ¶¶ 4-5).  State Farm was

plaintiffs' homeowner's insurer.  *Id*. at ¶ 3.  Plaintiffs allege that State Farm has failed to fully

pay for the repairs to their home.  *Id*. at ¶ 7.  Accordingly, plaintiffs seek to recover the cost of

repairs, plus penalties and attorney's fees pursuant to Louisiana Revised Statutes 22:658 and

22:1220.  *Id*. at ¶ 9.

On September 7, 2006, State Farm removed the case to federal court on the basis of

diversity jurisdiction, 28 U.S.C. § 1332.  On September 12, 2006, plaintiffs filed the instant

motion to remand [doc. # 7] on the basis that the requisite threshold amount for the exercise of

diversity jurisdiction ($75,000+) is lacking.  The matter is now before the court.[1]

In cases removed to federal court on the basis of diversity, it is incumbent upon the

---

[1] The motion to remand has been referred to the undersigned for decision pursuant to 28
U.S.C. § 636(b)(1)(A)

removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. "The defendant may make this showing in either of two ways: (1) by demonstrating that it is 'facially apparent' that the claims are likely above $75,000, or (2) 'by setting forth facts in controversy--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount.'" *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999)(citing, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)).

In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id*. Here, the petition contains no such limitation. Thus, plaintiffs have, in effect, conceded in their state court pleadings that the requisite jurisdictional amount is in controversy. This creates a "strong presumption" in favor of jurisdiction. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 58 S.Ct. 586, 591 (1938). Accordingly, it is "facially apparent" that the amount in controversy exceeds $75,000.

The foregoing notwithstanding, we further note that removing defendant has adduced evidence that plaintiffs have repair and replacement estimates totaling approximately $ 55,000. (Pl. Resp. to Interr.; Def. Exhs. C & D).[2] This sum coupled with penalties of at least 25 percent, and attorney's fees easily push the amount in controversy beyond $ 75,000. *See*, La. R. S. 22:658

---

[2] This sum includes $ 50,000 in repair estimates, plus a $ 5,000 lamppost replacement claim.

2

& 22:1220. These additional facts suffice to establish the requisite jurisdictional minimum.[3]

Accordingly, the court finds that defendant has established by a preponderance of evidence that the amount in controversy exceeds $ 75,000. We may properly exercise diversity jurisdiction. 28 U.S.C. § 1332.

For the foregoing reasons,

IT IS RECOMMENDED that plaintiffs' motion to remand [doc. # 7] be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on November 21, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiffs have not argued nor otherwise established that it is "legally certain" that their claims are less than the requisite jurisdictional amount. *See, De Aguilar v. Boeing*, 47 F.3d 1404, 1411 (5th Cir. 1995).

3